UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME SMITH,

                Petitioner,                Crim. No. 99-CR-81012
                                                     Civ. No. 01-CV-72985
vs.                                                  Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

                Respondent.
_____/

ORDER DENYING PETITIONER'S RULE 60(b)
"MOTION TO REOPEN COLLATERAL JUDGMENT"

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     August 2, 2006

        PRESENT:  Honorable Gerald E. Rosen
                             United States District Judge

On September 28, 2004, this Court entered an Opinion and Order denying Petitioner Jerome Smith's § 2255 Motion to Vacate, Correct or Modify his sentence. Petitioner subsequently filed a Motion for a Certificate of Appealability ("COA") to appeal the Court's September 28 Order on October 18, 2004. On October 29, 2004, this Court denied the COA motion. Smith subsequently petitioned the Sixth Circuit Court of Appeals for a Certificate of Appealability. The Court of Appeals denied that request on April 18, 2005. Petitioner's subsequent Court of Appeals petition for rehearing en banc was also denied on September 29, 2005. Now, ten months later, Petitioner returns to this

Court with a Fed. R. Civ. P. 60(b) Motion, captioned as a "Motion to Reopen Collateral Judgment," in which he seeks a reversal of this Court's Order and Judgment of September 28, 2004.

In essence, Petitioner seeks the relief he was denied in the Court of Appeals. However, a party may not use a Rule 60(b)(4) motion as a substitute for a proper appeal. See In re G.A.D., Inc., 340 F.3d 331, 337 (6th Cir.2003); Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (6th Cir. 2006). But, even assuming the Motion's propriety, both the U.S. Supreme Court and this Court have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. Ackermann v. United States, 340 U.S. 193, 202 (1950); Mallory v. Eyrich, 922 F.2d 1273, 1281 (6th Cir. 1991); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989); Pierce v. UMW Welfare & Retirement Fund, 770 F.2d 449, 451 (6th Cir. 1985), cert. denied, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). Pierce v. UMW Welfare & Retirement Fund, supra, 770 F.2d at 451.

It is only "simple legal error" that Petitioner Smith alleges in his Rule 60(b) motion in this case. Although fashioned as a request for relief pursuant to subsection (4) of Rule 60(b) -- void judgment -- Smith argues that the Court erred in denying his § 2255

motion in interpreting the Sentencing Guidelines and in calculating his sentence for conspiracy to distribute a Schedule II controlled substance and further erred in its determination that he was not provided ineffective assistance of counsel.  There is absolutely no factual or legal basis for his claim that the § 2255 Order and Judgment is "void" under Fed. R. Civ. P. 60(b)(4).  "A judgment is void under 60(b)(4) only 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" Doe v. Lexington-Fayette Urban County Government, 407 F.3d 755, 761 (6th Cir. 2005) (quoting Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir.1995).)

Furthermore, Rule 60(b) requires that for purposes of subsections (4)(5) and (6), a motion for relief from judgment must be made "within a reasonable time."  Petitioner's motion here was made nearly two years after the entry of Judgment.  Waiting over eleven months to file Rule 60(b) motion for relief from judgment does not comply with requirement to file motion within reasonable time.  See, Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 906 (6th Cir. 2006).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Petitioner Fed. R. Civ. P. 60(b) "Motion to Reopen Collateral Judgment" is DENIED.

                              s/Gerald E. Rosen
                              Gerald E. Rosen
                              United States District Judge

Dated:  August 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2006, by electronic and/or ordinary mail.

                                   s/V. Sims for LaShawn R. Saulsberry
                                   Case Manager